UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMAD MOUGRABI and RAJI MUGRABI, ) ) ) Plaintiffs, ) ) v. ) ) COVENANT AIR & WATER, LLC and ) GARY WARREN MOORE, ) ) Defendants. ) | No: 05 C 1615 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Ahmad Mougrabi and Raji Mugrabi, filed suit against Defendants, Covenant Air and Water, LLC and Gary Warren Moore. Plaintiffs allege that Defendants violated the Racketeering, Influence, and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1964, by inducing Plaintiffs to participate in a fraudulent scheme through the mail, wire, and interstate means. Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' RICO Complaint.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiffs' Complaint. Plaintiffs are Louisiana residents, and Defendants are Illinois residents. Moore is the president and managing partner of Covenant Air and Water. In a proceeding brought by the Federal Trade Commission ("FTC"), Moore was barred from making certain false or misleading statements about the business ventures. Specifically, the FTC order[1] provided that:

> IT IS FURTHER ORDERED that in connection with the offer or sale of any franchise or business venture, in or affecting commerce, the defendants are hereby permanently enjoined from making any false or misleading statement or representation of material fact about any franchise, business venture, product, or service, whether directly or by implication, orally or in writing, including but not limited to statements or representations regarding:
>
> A. The income, profit, or sales volume that purchaser or investor may or is likely to achieve;
>
> B. The income, profit, or sales volume achieved by prior purchasers or investors; and
>
> C. The length of time that it may or will take to recoup the purchase price or investment.

Thereafter, Plaintiffs were defrauded by certain oral and written misrepresentations made by Moore regarding: (1) the income, profit, and sales volume that Plaintiffs could expect to

---

[1] The FTC order was not attached to the Complaint, but is central to Plaintiffs' claims and may be considered on a motion to dismiss. *E.g., Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

achieve from the sales of home water purification systems offered by Covenant Air and Water; (2) the income, profit, and sales volume achieved by prior direct vendors of home water purification systems offered by Covenant Air and Water; and (3) the length of time that it would take Plaintiffs to recoup their investment by selling water purification systems offered by Covenant Air and Water. Moore also failed to disclose that he had been permanently enjoined from making the statements barred by the FTC. Plaintiffs relied on these representations, and both Plaintiffs and the corporation they own suffered financial damages.

To obtain Plaintiffs' participation in the fraudulent scheme, Defendants used the mail, wire communications, and caused Plaintiffs to travel to Illinois. In August, October, November, and December of 2001, and on numerous other occasions, Moore used the mail to send papers and checks to and from Covenant Air and Water's offices in connection with Defendants' scheme to defraud Plaintiffs. In October 2001 and June 2002, Moore caused Plaintiffs to travel to Illinois in execution of his scheme to defraud Plaintiffs of funds exceeding $5,000.00. On January 31, 2002, and on numerous other occasions, Moore communicated misrepresentations to Plaintiffs by means of interstate wire communications. In November 2002, January 2003, February 2003, and on numerous other occasions, Moore caused the transfer of funds in furtherance of his fraud scheme by using interstate wire communications.

As a result, in December 2001, August 2002, September 2002, October 2002, November 2002, December 2002, January 2003, February 2003, and March 2003, and on numerous other occasions, Moore caused the interstate transportation of funds exceeding $5,000.00 in

3

furtherance of his fraud scheme. Moore conspired with Covenant Air and Water's employee to execute the fraud scheme. Plaintiffs, though, did not discover the extent of the fraud until December 2003.

## ANALYSIS

Defendants argue that Plaintiffs' RICO Complaint should be dismissed because: (1) Plaintiffs, as individuals, do not have standing to bring RICO claims on behalf of a corporation; (2) Plaintiffs' fraud allegations are not pled with the particularity required by Federal Rule of Civil Procedure 9(b); (3) Plaintiffs' Complaint fails to allege a pattern of racketeering, as required under 18 U.S.C. § 1962(c); (4) the Complaint cannot state a cause of action for Moore's alleged violation of the FTC Order; and (5) any claim that Plaintiffs have against Defendants is covered by a contractual release.

Defendants first argue that Plaintiffs do not have standing to bring RICO claims on behalf of a corporation. "Where the shareholder's injury resulted directly from an injury to the corporation, but only indirectly from the harm the wrongdoer wreaked upon the corporation, the RICO claims belong to the corporation and not the shareholder." *Gagan v. Am. Cablevision, Inc.*, 77 F.3d 951, 959 (7th Cir. 1996). Defendants contend that the unnamed corporation owned by Plaintiffs suffered the real injury, not Plaintiffs. However, Plaintiffs have alleged that they suffered damages from Defendants' actions, and it can be inferred at this stage that those damages are independent of any damages suffered by the corporation. As such, Plaintiffs have sufficiently alleged standing for purposes of defeating a motion to dismiss.

Defendants next argue that Plaintiffs have failed to allege fraud with the particularity required by Rule 9(b), as the rule applies to RICO claims that are predicated on fraud. *Jepson,*

4

*Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "While this does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (*Bankers Trust*)). "The allegations must be specific enough to provide the defendants with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme." *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 347 (N.D. Ill.1997) (citations omitted). To determine whether counts are sufficiently pled, a court will bear in mind the purposes of Rule 9(b): "(1) protecting the defendants' reputations; (2) preventing fishing expeditions; and (3) providing adequate notice to the defendants." *Rohlfing*, 172 F.R.D. at 347 (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994)).

As described above, Plaintiffs have alleged that, starting in August 2001, throughout 2002 and through the first half of 2003, Moore made misrepresentations concerning the profitability of selling home water purification systems offered by Covenant Air and Water. Moore also failed to disclose that he had been permanently enjoined from making certain statements barred by the FTC. These misrepresentations were made through the mail, wire communications, and in-person meetings held with Plaintiffs in Illinois. Covenant Air and

Water's employee conspired with Moore to execute this fraud scheme. These allegations are specific enough to provide the Defendants with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme.

Defendants also contend that Plaintiffs' Complaint fails to allege a pattern of racketeering activity. To bring a claim under the RICO statutes, a plaintiff must demonstrate "continuity plus relationship with respect to the alleged predicate" acts. *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). Predicate acts satisfy the relationship test if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristic and are not isolated events." *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1048 (7th Cir. 1998) (citation omitted) (*Corley*). Continuity can either consist of a "closed" period of repeated conduct or "open" past conduct which is capable of repetition. *Corley*, 142 F.3d at 1048. To demonstrate a closed period of conduct, a plaintiff may present a series of related predicate acts that extend over a substantial period of time; however, the period in question must be longer than a few weeks or months. *Corley*, 142 F.3d at 1048-49. Factors relative to this determination include: (1) the number and variety of predicate acts; (2) the length of time over which the acts were committed; (3) the number of victims; (4) the presence of separate schemes; and (5) the occurrence of distinct injuries. *Corley*, 142 F.3d at 1049.

Plaintiffs allege that for at least eighteen months, on numerous occasions, and in furtherance of their scheme to defraud Plaintiffs, Defendants have committed: (1) mail fraud, in violation of 18 U.S.C. § 1341; (2) committed wire fraud, in violation of 18 U.S.C. § 1343; and (3) travel fraud, in violation of 18 U.S.C. § 2314. Violations of these statutes all serve as

6

predicate acts for a RICO violation. 18 U.S.C. § 1981(1)(B). Taken together, these allegations demonstrate that Defendants sought to defraud Plaintiffs through multiple, related predicate acts which were committed over a closed-ended period of conduct.

Defendants contend that any predicate acts occurring after October 2001 should not be considered because, after that time, Plaintiffs signed a dealership agreement with Defendants to market the water purification systems. According to Defendants, once the purported fraud scheme was complete, no other predicate acts may be considered; and Plaintiffs have thus failed to show a fraud scheme of greater than a few months. *See McDonald v. Schenker*, 18 F.3d 491, 496 (7th Cir. 1994). However, Plaintiffs have not alleged the existence of any dealership agreement which is central to the RICO claims; on a motion to dismiss, matters outside the Complaint which are not central to a plaintiff's claim cannot be considered. Accordingly, for the purposes of surviving a motion to dismiss, Plaintiffs have adequately pled both the relationship and the continuity prongs.

Defendants further argue that Plaintiffs' Complaint cannot state a cause of action for Moore's alleged violation of the FTC Order. According to Defendants, Plaintiffs have not alleged any facts which would demonstrate that Plaintiffs' relationship with Defendants constituted a franchise or business venture. Without these facts, Moore could not have violated the FTC Order. Defendants then argue that the dealership agreement between Defendants and Plaintiffs did not constitute a franchise or business venture, as defined in the FTC Order. However, Plaintiffs need not plead these facts to survive a motion to dismiss. Furthermore, as discussed above, Plaintiffs have not not alleged the existence of any dealership agreement which is central to the RICO claims.

7

Finally, Defendants argue that any claim that Plaintiffs have against Defendants is covered by a contractual release. However, because Plaintiffs have not pled the existence of any contract, it is not proper to consider the release in a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' RICO Complaint is denied.

Date: September 8, 2005

JOHN W. DARRAH, JUDGE
United States District Court